IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CLIFFORD B. REPOTSKI | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| AMS LAW PC, et al. | : | NO. 17-3311 |

MEMORANDUM

QUIÑONES ALEJANDRO, J.                                                   JULY 31, 2017

Plaintiff Clifford B. Repotski filed this civil action against attorneys who represented him in a criminal case. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

I.  FACTS[1]

The complaint and publicly available records reflect that plaintiff pled guilty to possession of child pornography in 2012. *See Commonwealth v. Repotski*, Docket No. CP-46-CR-0001643-2011 (Montgomery Cnty. Ct. of Common Pleas). Anita Seth of AMS Law and Sharon Meisler defended plaintiff in that criminal case. Plaintiff believes that his convictions and sentence are legally infirm because, among other things, his attorneys failed to provide effective assistance of counsel by allowing him to plead guilty even though he was innocent and suffers from mental illness in the form of anxiety and depression. Plaintiff also alleges that his attorneys colluded with the District Attorney's office to secure his conviction.

Plaintiff filed a petition for a writ of *habeas corpus* challenging his convictions. Judge McHugh dismissed his petition as untimely, concluding among other things that plaintiff failed to provide evidence of actual innocence. *See Repotski v. Poust*, E.D. Pa. Civ. A. No. 15-2885

---

[1] The following facts are taken from the complaint, attachments to the complaint, and publicly available court dockets.

1

(ECF Nos. 12 & 15). The Third Circuit also rejected plaintiff's claims of actual innocence and denied his request for a certificate of appealability. *Id.* (ECF No. 19). Plaintiff was arrested in 2016 for violating the terms of his probation. Plaintiff stipulated to the violations and it appears from a document attached to the complaint that Ms. Seth represented him in connection with that issue. The Court understands plaintiff to be alleging that his arrest for violating the terms of his probation is improper because his underlying convictions and sentence are improper.

Plaintiff initiated this civil action against AMS Law, Ms. Seth, and Ms. Meisler. He primarily appears to be raising constitutional claims pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages, expungement of his records, and other miscellaneous relief.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton*

*Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). As plaintiff's convictions and sentence have not been reversed, expunged, or otherwise invalidated, he may not challenge the constitutionality of those convictions in a civil rights action. Furthermore, to the extent plaintiff is asking the Court to vacate his convictions, such relief is only available in a *habeas* action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent plaintiff is invoking federal criminal statutes as the basis for his claims, those claims fail. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"). There is also no legal basis here for a claim under the Racketeer Influenced and Corrupt Organizations Act. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306,

3

323 (3d Cir. 2014) (personal injuries do not qualify as RICO injuries to "business or property"). Nor can the Court discern any basis for a claim under the Americans with Disabilities Act or any other federal law. To the extent plaintiff is raising claims under state law, the Court lacks subject matter jurisdiction over those claims. *See* 28 U.S.C. § 1332(a) (granting a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.